For meaning of Abreviations, See Ternary Digest, page XII.

### No. 624

DRURY, Receiver, v. STEVENS & CO. et

No. 19819. Supreme Court

On motion to certify. Dock. May 13, 1926.

1003. RECEIVERS—If the receiver continues business under order of the court and thereby loses money may such receiver be held personally liable for the debts incurred where he fails to make a report to the court within such a period as the court may deem reasonable.

Simon L. Drury was appointed receiver of the Up-To-Date-Tailoring Company in January 1921 and by order of the Hamilton Common Pleas was authorized to continue business. In July 1921 the business was sold at public sale for insufficient amount to pay the obligations incurred by the receiver.

This action was brought originally to hold the receiver personally liable for his failure to report to the court that the business was being operated at a loss until the spring of 1921.

The judgment of the Common Pleas in upholding the receiver personally liable was affirmed by the Appeals. The receiver in the Supreme Court contends:

1. That due to the fact that he sought experted advice and acted in good faith and to the best of his ability he should not be held personally liable.

2. That as a matter of law a receiver who continues business under order of the court in the absence of negligence and bad faith cannot be held personally liable for the obligations incurred by the receiver.

Attorneys—Julius R. Samuels, Cincinnati, for Drury.

### No. 625

GRUBE v. STATE

No. 19820. Supreme Court

On motion to certify. Dock. May 15, 1926.

480. EVIDENCE—Where a sheriff is assaulted on a dark night, it being impossible to discern the identity of a person, and the sheriff injured the assaulting party by shooting him in the leg, may said sheriff testify concerning an inspection of a scar on the suspect's leg in an effort to effect a conviction for the assault?

It appears that the sheriff of Clark County discovered an alleged jug of whiskey on a farm belonging to Grube and that the sheriff concealed himself at night near by and accosted a certain individual who picked up the jug. Thereupon the sheriff was struck by the individual with the jug. The sheriff then opened fire and claims to have shot this party in the leg.

Grube was subsequently arrested on suspicion and the sheriff examined his leg and found a scar.

No expert testimony was submitted and over the objection of Grube the sheriff was permitted to testify concerning to the scar on Grube's leg, the sheriff admitting that it was too dark to recognize his assailant.

The trial court refused to permit Grube to offer demonstrations and expert testimony.

Grube in the Supreme Court contends:

1. That the court erred in permitting the sheriff to testify concerning the scar because of the established rule that such statements are not admissible unless they are part of the res gestae or are dying declarations made with a consciousness of a pending death with no hope of recovery.

2. That it is a violation of constitutional rights to compel the party to submit to a physical examination because such will compel him in a criminal case to be a witness himself.

Attorneys—T. J. McCormick, Springfield, for Grube; W. F. Bevitt, Springfield, for State.